COOK, Justice
(concurring in the result). .
There appears to be no dispute regarding whether Forest Manor was provided with complete notice about the procedures for filing applications and about the hearing and review processes. There is also no dispute that SHPDA provided Forest Manor with the date, time, and place of the hearing in review of its application. Likewise, there is no dispute that Forest Man- or is an experienced Certificate-of-Need applicant and was represented by competent counsel at all stages of its application process, although legal counsel for Forest Manor was not present at the public hearing. The question thus presented is whether actual notice in this contested case, which notice did not in every respect comply with § 41-22-12(a), Ala.Code 1975, deprived Forest Manor of procedural due process, that is, reasonable notice and the opportunity to be heard?
It is clear that § 41-22-12(a) requires that all parties in a “contested case” be afforded an opportunity for a hearing after being given reasonable written notice. There is a significant difference between concluding that a statute requires written notice and concluding that, although actual notice is given, the absence of written notice is a violation of due process. I can embrace the former conclusion but I am not inclined to accept the latter. Nonethe *25 less, I have no difficulty in agreeing that the statute should be strictly complied with; therefore, I concur in the result.